# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| Plaintiff, : | |
| : | CASE NO.: 1:11-CR-4 (WLS) |
| v. : | |
| : | |
| DERRICK A. PICKETT, : | |
| : | |
| Defendant. : | |

## ORDER

Presently pending before the Court is Defendant's Informal Motion Request to Cease Financial Responsibility (Doc. 88) and Emergency Motion to Expedite. (Doc. 90.) Defendant seeks an order from this Court prohibiting the Bureau of Prisons ("BOP") from "compelling him to make required assessment and restitution payments that was [sic] not ordered by the Court." (Doc. 88 at 2.) He states that his failure to make the payments would result in being "placed in refusal status and subjected to loss of commissary, telephone privileges, with possible loss of good time, and other Institutional incentives." (*Id.*; *see also* Doc. 90 at 1.) Also, Defendant claims that BOP is requiring him to "pay monthly payments of $150.00, up from quarterly payments of $25." (Doc. 90 at 1.) Although Defendant styled his filings otherwise, the Court plans to construe them as a collateral attack of his sentence under 28 U.S.C. § 2255.

Courts construe pro se filings liberally to afford review to any "legally justifiable base." *Smith v. United States*, 420 F. App'x 944, 945–46 (11th Cir. 2011) (quoting *Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997)). "Federal courts are obligated to look beyond the label of a pro se inmate's motion to determine if it is

1

cognizable under a different statutory framework." *United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003). The court may ignore the label a pro se party attaches to his motion to avoid unnecessary dismissal, a stringent application of formal labeling requirements, or to "create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381–82 (2003).

Here, Defendant challenges the validity of actions taken by the BOP, claiming that such actions were not authorized by this Court. If Defendant is claiming that the restitution order contained in his sentence is improper, 28 U.S.C. § 2255 is the only vehicle for him to raise such a claim. The Court lacks inherent authority to modify a sentence. *United States v. Diaz-Clark*, 292 F.3d 1310, 1315 (11th Cir. 2002). The invalidy of a sentence is not grounds for modification under 18 U.S.C. § 3582(c).

The Supreme Court has held that a district court must notice a prisoner before re-characterizing a motion under 28 U.S.C. § 2255. *Castro*, 540 U.S. at 383. Since this would be Defendant's first motion under this section, the Court is required to notice Defendant of the possible consequences of such a motion.

Accordingly, the Court **NOTICES** Defendant as to the following:

- The Court intends to re-characterize Defendant's motion as a collateral attack of his sentence under 28 U.S.C. § 2255.
- After the re-characterization, any subsequent 28 U.S.C. § 2255 motion will be subject to the restrictions on "second or successive" motions.
- Defendant may withdraw his motion or amend them to contain all the § 2255 claims he believes he has.

2

Defendant must withdraw his motions or object to the re-characterization within **fourteen (14) days** from the entry of this Order. If Defendant chooses not to object or withdraw his motions, he may supplement them within **twenty-one (21) days** of the entry of this Order to amend or add any available claim. The Government may respond to any supplement or objection within **twenty-one (21) days** of the filing of the supplement or objection. Defendant may file a reply brief within **fourteen (14) days** of any timely responses filed by the Government. After the passage of **fifty-six (56) days** from the entry of this Order, the Court will issue its ruling. Additionally, because Defendant's substantive motion may only be addressed if converted into a motion under 28 U.S.C. § 2255, his Emergency Motion to Expedite (Doc. 90) is **DENIED AS MOOT.**

**SO ORDERED**, this  24th  day of September, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**